UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION


TIMOTHY CLIFFORD CONLEY,

                    Petitioner,

v.                                        Case No. 5:06-cv-448-Oc-10GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

                    Respondents.
_____

## ORDER

### I. Status

     Petitioner Timothy Clifford Conley, who is proceeding pro se
and in forma pauperis, initiated this action by filing a Petition
for Writ of Habeas Corpus (hereinafter Petition) (Doc. #1) and a
Memorandum of Law Supporting Petition for Writ of Habeas Corpus
(Doc. #2) pursuant to 28 U.S.C. § 2254 on December 20, 2006,
pursuant to the mailbox rule.  Petitioner challenges a 2002 state
court (Citrus County, Florida) judgment of conviction for
kidnapping, four counts of sexual battery and unlawful sexual
activity with a minor on the following thirteen grounds: (1) the
trial judge erred in allowing the admission of Williams[1] rule

_____

     [1] Williams v. State, 110 So.2d 654 (Fla. 1959).

evidence; (2) appellate counsel was ineffective for failing to argue dissimilar <u>Williams</u> rule evidence, thus violating federal due process of law; (3) trial counsel was ineffective for failing to argue dissimilar <u>Williams</u> rule evidence, thus violating federal due process of law; (4) fundamental error occurred when Petitioner was convicted of counts two, three and five, which are lesser-included offenses of count six, thereby violating federal double jeopardy principles; (5) trial counsel was ineffective for failing to object that counts two, four and five were lesser-included offenses of count six, which violates federal double jeopardy principles; (6) fundamental harmful error occurred when Petitioner was convicted of counts two through six as these offenses were parts of a disjunctive statute, and only one conviction is authorized as they were not separate, thus violating federal due process of law; (7) trial counsel was ineffective when Petitioner was convicted of counts two through six as these were parts of a disjunctive statute, and only one conviction is authorized as they were not separate, thus violating federal due process of law; (8) double jeopardy was violated when Petitioner was convicted both for kidnapping and the underlying offenses; (9) trial counsel was ineffective for failing to raise the double jeopardy claim that convictions for kidnapping and the underlying offenses are illegal; (10) trial counsel was ineffective in choosing the jury and for failing to move to strike the all white jury panel, thus violating

federal due process of law; (11) trial counsel was ineffective in Petitioner's trial, thus violating the federal Constitution; (12) natural life sentences are illegal, thus violating the federal and state Constitutions; and (13) the trial judge was biased and should have recused himself since his presence denied Petitioner of a fair trial.

Respondents have responded. <u>See</u> Respondents' Response to Petition (hereinafter Response) (Doc. #8).[2] Petitioner was given admonitions and a time frame to respond. <u>See</u> Court's Order to Show Cause and Notice to Petitioner (Doc. #6). While given the opportunity, Petitioner has not replied. This case is now ripe for review.

## II. Procedural History

On August 29, 2002, Petitioner Conley was charged by Information with kidnapping (count one), four counts of sexual battery (counts two through five) and unlawful sexual activity with a minor (count six). Resp. Ex. I. On September 5, 2002, the State amended the Information. Resp. Ex. II. On September 5, 2002, Petitioner was tried by a jury and was found guilty as charged. Resp. Ex. III, Transcript of the Jury Trial (hereinafter Tr.); Resp. Ex. IV, Verdicts. On October 18, 2002, Petitioner was sentenced to life imprisonment for kidnapping, four concurrent

---

[2] The Court will refer to Respondents' exhibits as "Resp. Ex."

fifteen-year terms of imprisonment for the sexual batteries and a consecutive fifteen-year term of imprisonment for the unlawful sexual activity with a minor. Resp. Exs. V, VI, VII and VIII.

Petitioner, through counsel, appealed and filed an Initial Brief, raising one issue: the trial judge erred in allowing the admission of <u>Williams</u> Rule evidence. Resp. Ex. IX. The State filed an Answer Brief. Resp. Ex. X. On December 3, 2004, the appellate court, in a written opinion, affirmed. <u>Conley v. State</u>, 888 So.2d 163 (Fla. 5th DCA 2004); Resp. Ex. XI. The mandate was issued on December 22, 2004.

On December 7, 2005, Petitioner delivered his <u>pro</u> <u>se</u> motion to correct an illegal sentence, pursuant to Fla. R. Crim. P. 3.800(a), to the prison officials for mailing to the state court. Resp. Ex. XII. He raised one ground: natural life sentences are illegal, thus violating the federal and state Constitutions. <u>Id</u>. On December 28, 2005, the court denied the motion, concluding that "[a] sentence of life imprisonment is not an illegal or impermissible sentence." Resp. Ex. XIII at 1. On March 21, 2006, the appellate court per curiam affirmed. <u>Conley v. State</u>, 923 So.2d 1218 (Fla. 5th DCA 2006); Resp. Ex. XIV. The mandate was issued on April 7, 2006. Resp. Ex. XIV.

On April 6, 2006, Petitioner delivered his <u>pro</u> <u>se</u> motion for post conviction relief, pursuant to Fla. R. Crim. P. 3.850, to the prison officials for mailing to the state court. Resp. Ex. XV. He

raised the following issues: (1) trial counsel was ineffective for failing to argue dissimilar <u>Williams</u> Rule evidence, thus violating federal due process of law; (2) trial counsel was ineffective for failing to object that counts two, four and five were lesser-included offenses of count six, which violates federal double jeopardy principles; (3) trial counsel was ineffective when Petitioner was convicted of counts two through six as these were parts of a disjunctive statute, and only one conviction is authorized as they were not separate, thus violating federal due process of law; (4) trial counsel was ineffective for failing to raise the double jeopardy claim that convictions for kidnapping and the underlying offenses are illegal; (5) trial counsel was ineffective in choosing the jury and for failing to move to strike the all white jury panel, thus violating federal due process of law; and, (6) trial counsel was ineffective in Petitioner's trial, thus violating the federal Constitution. <u>Id</u>. On May 5, 2006, the Rule 3.850 motion was denied. Resp. Ex. XVI.

Petitioner filed a motion for reconsideration and supplemental issue seven, in which he raised the following issue: trial counsel was ineffective for failing to move to withdraw the pleas in Case Nos. 93-357 and 94-164 as they enhanced the current offenses. Resp. Ex. XVII. On June 6, 2006, the court denied the motion for reconsideration and supplemental issue seven. Resp. Ex. XVIII. On October 17, 2006, the appellate court per curiam affirmed without

issuing a written opinion.  <u>Conley v. State</u>, 944 So.2d 375 (Fla. 5th DCA 2006); Resp. Ex. XXI.  Petitioner's motion for rehearing was denied.  Resp. Exs. XXII, XXIII.  The mandate was issued on December 15, 2006.  Resp. Ex. XXI.

On April 12, 2006, Petitioner delivered his <u>pro</u> <u>se</u> petition for writ of habeas corpus to the prison officials for mailing to the state appellate court.  Resp. Ex. XXIV.  He raised the following issues: (1) appellate counsel was ineffective for failing to argue dissimilar <u>Williams</u> Rule evidence, thus violating federal due process of law; (2) fundamental error occurred when Petitioner was convicted of counts two, three and five, which are lesser-included offenses of count six, thereby violating federal double jeopardy principles; (3) fundamental harmful error occurred when Petitioner was convicted of counts two through six as these offenses were parts of a disjunctive statute, and only one conviction is authorized as they were not separate, thus violating federal due process of law; and (4) double jeopardy was violated when Petitioner was convicted both for kidnapping and the underlying offenses.  <u>Id</u>.  On May 9, 2006, the appellate court denied the petition without prejudice to his filing a sworn petition that complies with Rule 9.141(c) of the Florida Rules of Appellate Procedure.  Resp. Ex. XXV.

### III. One-Year Limitations Period

The Petition, filed in this Court on December 20, 2006, pursuant to the mailbox rule, is timely filed within the one-year period of limitations. <u>See</u> 28 U.S.C. § 2244(d); Response at 4.

### IV.  Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." <u>Id</u>.  The pertinent facts of this case are fully developed in the record before the Court.  Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003), <u>cert</u>. <u>denied</u>, 541 U.S. 1034 (2004), an evidentiary hearing will not be conducted by this Court.

### V.  Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA), the review "is 'greatly circumscribed and highly deferential to the state courts.' <u>Crawford v. Head</u>, 311 F.3d 1288, 1295 (11th Cir.

2002)." <u>Stewart v. Sec'y, Dep't of Corr.</u>, 476 F.3d 1193, 1208 (11th Cir. 2007).

> [Section] 2254(d) allows federal habeas relief for a claim adjudicated on the merits in state court only if the state court adjudication[3] resulted in a decision that was: "(1) . . . contrary to, or involved an unreasonable[4] application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); <u>Marquard</u>, 429 F.3d at 1303. The phrase "clearly established Federal law," as used in § 2254(d)(1), encompasses only the holdings, as opposed to the dicta, of the United States Supreme Court as of the time of the relevant state court decision. <u>See</u> <u>Carey v. Musladin</u>, 549 U.S. —, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006) (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000)); <u>Osborne v. Terry</u>, 466 F.3d 1298, 1305 (11th Cir. 2006).

<u>Id</u>. at 1208-09.

"AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants

_____

[3] For a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. <u>Wright v. Sec'y for the Dep't of Corr.</u>, 278 F.3d 1245, 1255 (11th Cir. 2002), <u>cert</u>. <u>denied</u>, 538 U.S. 906 (2003).

[4] "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." <u>Schriro v. Landrigan</u>, 550 U.S. at 473 (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 410 (2000)).

rebut this presumption with 'clear and convincing evidence.' §
2254(e)(1)." <u>Schriro</u>, 550 U.S. at 473-74.  This presumption of
correctness applies equally to factual determinations made by state
trial and appellate courts." <u>Bui v. Haley</u>, 321 F.3d 1304, 1312
(11th Cir. 2003) (footnote omitted) (citing <u>Sumner v. Mata</u>, 449
U.S. 539, 547 (1981)).

## VI. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective
assistance of counsel.  That right is denied when a defense
counsel's performance falls below an objective standard of
reasonableness and thereby prejudices the defense." <u>Yarborough v.
Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted).  The
Eleventh Circuit has captured the essence of an ineffectiveness
claim:

> The clearly established federal law for
> ineffective assistance of counsel claims was
> set forth by the U.S. Supreme Court in
> <u>Strickland v. Washington</u>, 466 U.S. 668, 104
> S.Ct. 2052, 80 L.Ed.2d 674 (1984).  To
> establish a claim of ineffective assistance of
> counsel, first, "the defendant must show that
> counsel's performance was deficient . . .
> [which] requires showing that counsel made
> errors so serious that counsel was not
> functioning as the 'counsel' guaranteed the
> defendant by the Sixth Amendment." <u>Id</u>. at
> 687, 104 S.Ct. at 2064.  Second, the defendant
> must show that counsel's deficient performance
> prejudiced him.  <u>Id</u>.  That is, "[t]he
> defendant must show that there is a reasonable
> probability that, but for counsel's
> unprofessional errors, the result of the
> proceeding would have been different.  A
> reasonable probability is a probability

sufficient to undermine confidence in the outcome."[5]  <u>Id</u>. at 694, 104 S.Ct. at 2068.

<u>Gaskin v. Sec'y, Dep't of Corr.</u>, 494 F.3d 997, 1002 (11th Cir. 2007) (per curiam).  "Establishing these two elements is not easy: 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'"  <u>Van Poyck v. Florida Dep't of Corr.</u>, 290 F.3d 1318, 1322 (11th Cir. 2002) (per curiam) (citations and footnote omitted), <u>cert</u>. <u>denied</u>, 537 U.S. 812 (2002), 537 U.S. 1105 (2003).

> The question "is not whether a federal court believes the state court's determination" under the <u>Strickland</u> standard "was incorrect but whether that determination was unreasonable - a substantially higher threshold." <u>Schriro</u>, <u>supra</u>, at 473, 127 S.Ct. 1933. And, because the <u>Strickland</u> standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. <u>See</u> <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

<u>Knowles v. Mirzayance</u>, 129 S.Ct. 1411, 1420 (2009).  <u>See also</u> <u>Rutherford v. Crosby</u>, 385 F.3d 1300, 1309 (11th Cir. 2004) ("In

---

[5] "[W]hen a defendant raises the unusual claim that trial counsel, while efficacious in raising an issue, nonetheless failed to preserve it for appeal, the appropriate prejudice inquiry asks whether there is a reasonable likelihood of a more favorable outcome on appeal had the claim been preserved." <u>Davis v. Sec'y for the Dep't of Corr.</u>, 341 F.3d 1310, 1316 (11th Cir. 2003) (per curiam) (citation omitted).

addition to the deference to counsel's performance mandated by Strickland, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision.").

## VII. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, Petitioner claims that the trial judge erred in allowing the admission of Williams rule evidence. As acknowledged by the parties, this issue was raised on direct appeal and was fully briefed by the parties. Resp. Exs. IX, X. In affirming, the appellate court stated in pertinent part:

> Conley did not dispute that he committed the collateral crimes; he admitted them at the time he was charged. The trial court ruled that the collateral crime evidence was not too remote in time to be admissible because Conley was released from prison in December 1999, and the instant offense was alleged to have occurred in August 2000.

> We have no difficulty in holding that the collateral crime evidence was admissible. Conley claimed that the sexual acts were consensual, and his possession of the victim's pager and telephone numbers tended to corroborate that claim. On the other hand, the similar methods of operation in the collateral crimes and in the instant case tend to rebut that contention. Section 90.404(2)(a), which is a codification of the rule announced in Williams v. State, 110 So.2d 654 (Fla. 1959), provides that collateral crime evidence is admissible to prove a material fact in issue. Here, the material fact in issue was whether the acts were consensual. Compare Williams v. State, 621 So.2d 413 (Fla. 1993) (evidence of prior

sexual assault was admissible to rebut defense
contention that complainant consented to sex
in exchange for drugs). Because the collateral
crime evidence in this case was relevant to an
issue other than bad character or propensity,
it was admissible. <u>See</u> <u>Williams</u>, 110 So.2d at
662 (collateral crime evidence, "[i]f found to
be relevant for any purpose save that of
showing bad character or propensity," should
be admitted).

We agree with Conley that collateral
crime evidence should not become a feature of
the trial. <u>See</u> <u>Zack v. State</u>, 753 So.2d 9
(Fla. 2000). Evidence should not be admitted,
even if relevant, if its probative value is
outweighed by its unfair prejudice. § 90.403,
Fla. Stat. Here, the collateral crime
evidence was definitely prejudicial, but we
cannot conclude that it was unfairly
prejudicial. As stated earlier, Conley's
claim of consent was buttressed by his
possession of the victim's telephone and pager
numbers, but the collateral crime evidence
tended to rebut that claim. Conley complains
that during closing argument, the prosecutor
compared the circumstances of the collateral
crimes with the circumstances of the charged
crimes, but such a comparison was the purpose
for which the collateral crime evidence was
entered. Furthermore, the testimony by the
collateral crime witnesses was straightforward
and brief so that it did not divert attention
from the crime at issue.[6] Accordingly, the
convictions are affirmed.

<u>Conley</u>, 888 So.2d at 165-66; Resp. Ex. XI.

Accordingly, this claim was rejected on the merits by the

state appellate court. Thus, there is a qualifying state court

decision, and this claim should be addressed applying the

---

[6] <u>See</u> Tr. at 107-15 (first collateral crime witness), 118-29
(second collateral crime witness).

deferential standard for federal court review of state court adjudications, as required by AEDPA. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## B. Ground Two

As ground two, Petitioner claims that appellate counsel was ineffective for failing to argue dissimilar <u>Williams</u> rule evidence, thus violating federal due process of law. As acknowledged by the parties, this issue was raised in Petitioner's state petition for writ of habeas corpus (ground one). Resp. Ex. XXIV. The appellate court denied the petition without prejudice to Petitioner's filing a sworn petition that complies with Rule 9.141(c) of the Florida Rules of Appellate Procedure. Resp. Ex. XXV. Petitioner did not thereafter file a sworn petition. Respondents contend, and this Court agrees, that this ground is procedurally defaulted.

"Procedural defaults in state courts will foreclose federal court review, absent a showing of cause and prejudice." <u>Parker v. Sec'y for the Dep't of Corr.</u>, 331 F.3d 764, 770 (11th Cir. 2003) (citing <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977)), <u>cert</u>. <u>denied</u>, 540

U.S. 1222 (2004). "[A] federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice." Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)), cert. denied, 538 U.S. 947 (2003). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002).

Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar. Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception. Thus, the Court need not address the merits of this claim.

### C. Grounds Three, Five, Seven, Nine, Ten and Eleven

Petitioner has raised several ineffectiveness grounds: trial counsel was ineffective for failing to argue dissimilar Williams rule evidence, thus violating federal due process of law (ground three); trial counsel was ineffective for failing to object that counts two, four and five were lesser-included offenses of count six, which violates federal double jeopardy principles (ground five); trial counsel was ineffective when Petitioner was convicted of counts two through six as these were parts of a disjunctive

14

statute, and only one conviction is authorized as they were not separate, thus violating federal due process of law (ground seven); trial counsel was ineffective for failing to raise the double jeopardy claim that convictions for kidnapping and the underlying offenses are illegal (ground nine); trial counsel was ineffective in choosing the jury and for failing to move to strike the all white jury panel, thus violating federal due process of law (ground ten); and trial counsel was ineffective in Petitioner's trial, thus violating the federal Constitution (ground eleven).

As acknowledged by the parties, these ineffectiveness claims were raised in Petitioner's Rule 3.850 motion. The trial court identified the two-prong <u>Strickland</u> ineffectiveness test as the controlling law and denied the Rule 3.850 motion with respect to these issues, stating in pertinent part:

> The Defendant's **first claim** is that his counsel was ineffective in not arguing dissimilar Williams Rule evidence, which violated federal due process of law.
>
> The Florida Evidence Code was amended in 2001 to provide that prior acts of child molestation may be considered for their bearing on any matter relevant. However, the Defendant's offenses occurred before the amendment. Prior to the amendment, <u>Heuring v. State</u>, 513 So.2d 122 (Fla. 1987) was the seminal case regarding other acts of sexual battery in a familial setting. The Supreme Court observed that "[t]o minimize the risk of a wrongful conviction, the similar fact evidence must meet a strict standard of relevance. The charged and collateral offenses must be not only strikingly similar, but they must also share some unique characteristic or

combination of characteristics which sets them apart from other offenses." Id[.] at 124. An even gr[e]ater showing of uniqueness or similarity is required with non-familial acts. See Foburg v. State, 744 So.2d 1175, 1178 (Fla. 2d DCA 1999).

In this case, a chart was used to compare the charged offense with the similar fact evidence. The Defendant claims that only two characteristics were similar. However, a review of the similarities chart reveals that there are multiple points of similarity between his three offenses. For example, the age and gender of the victim were similar, threatened violence with a weapon in each case, he picked up all the victims off the street or a parking lot while in his vehicle, the acts performed or attempted were similar, and he was remorseful afterwards. Although there are points of dissimilarity, it is apparent that the additional showing of similarity required under Foberg has been made. See also Shipman v. State, 668 So.2d 313, 315 (Fla. 4th DCA 1996) (concluding the "additional showing of similarity" was shown by use of a chart and noting that the standard for review was whether the trial court abused its discretion).

Accordingly, the Defendant's counsel was not ineffective because the trial court did not abuse its discretion by admitting evidence of similar molestations.[7]

The Defendant's **second and fourth claim[s]** are similar. His second claim is that his counsel was ineffective in not objecting that Counts II, IV, and V were

---

[7] See Conley, 888 So.2d 163 (affirming the trial court and concluding that collateral-crimes evidence that defendant on separate occasions caused two young females to enter his vehicle and performed sexual acts was admissible to show whether defendant's sexual acts with the victim were consensual and probative value of collateral-crimes evidence was not outweighed by its unfair prejudice).

lesser included offenses of Count VI, which
violates federal double jeopardy. His fourth
claim is that his counsel was ineffective in
not raising a double jeopardy claim that
convictions for kidnapping and the underlying
offenses are illegal.

The test as to whether an act is a
violation of two distinct statutory provisions
is codified in the Florida Statutes.
"[O]ffenses are separate if each offense
requires proof of an element that the other
does not, without regard to the accusatory
pleading or the proof adduced at trial." §
775.021(4)(a)(2000).

The Defendant claims his convictions for
Sexual Battery under Section 794.011(5) and
Unlawful Sexual Activity with a Minor under
Section 794.05 violates double jeopardy. He
also claims his convictions for Kidnapping
under Section 787.01(1) and the other charges
violate double jeopardy. However, a review of
the elements of those charges reveals that
each offense requires proof of an element that
the other does not. Thus, the Defendant's
second claim is without merit.

The Defendant's **third claim** is that his
counsel was ineffective for allowing the
Defendant to be convicted on counts II through
VI, as these were parts of a disjunctive
statute; therefore, only one conviction would
be authorized as they were not separate.

As the Fourth DCA stated, when the acts
are "distinct in character and temporally
separated" giving "the defendant sufficient
time between each . . . to reflect and form a
new criminal intent," there is no double
jeopardy violation. <u>Samuel v. State</u>, 2006 WL
1006134, *1 (Fla. 4th DCA 2006).

In this case, the victim stated the
Defendant first made her take her clothes off
and then began to rub, kiss, and digitally
penetrate her. This act was charged in Count
III of the Information. He then had

intercourse with her on the couch, and later, a second time on the floor. This is Count IV and V. Next[,] the victim said he forced her to perform oral sex on him. This is Count II. Thus, it appears that there was adequate time to reflect and form a new criminal intent between each act. See <u>Messer v. State</u>, 876 So.2d 1275, 1275 (Fla. 5th DCA 2004) (concluding that there was substantial competent evidence demonstrating that there was sufficient spatial and temporal differentiations between the multiple occurrences so that the jury could properly find that the appellant had time to pause, reflect and form a new criminal intent between the occurrences). Accordingly, the Defendant's third claim is without merit.

The Defendant's **fifth claim** is that his counsel was ineffective in failing to move to strike the all white jury panel.

First, it is important to note that the Defendant is not contesting the constitutionality of the jury pool selection statute and cites no authority to support his claim. He simply claims his counsel was ineffective for failing to object to his "all white" jury pool. "In order to constitute ineffective assistance under the constitution, counsel's deficiencies in performance must be prejudicial to the defendant. Defendant must affirmatively prove prejudice." <u>Downs v. State</u>, 453 So.2d 1102, 1108 (Fla. 1984).

In this case, the Defendant has failed to affirmatively prove prejudice; that is, he has failed to show how he as a "white" defendant, was prejudiced by the "all white" jury pool. Thus, his claim is without merit.

The Defendant's **final claim** is that his counsel was ineffective for various acts and omissions during trial. The Defendant describes seven instances where his counsel should have objected to testimony, suppress evidence, moved to dismiss, or pursue a certain strategy.

A fair assessment of an attorney's
performance requires that every effort be made
to eliminate the distorting effects of
hindsight to reconstruct the circumstances of
counsel's challenged conduct and to evaluate
the conduct from counsel's perspective at the
time. See Francis v. State, 529 So.2d 670, 672
n.4 (Fla. 1988) and Lusk v. State, 498 So.2d
902 (Fla. 1986). In Downs v. State, 453 So.2d
1102, 1108 (Fla. 1984), the court explained,
"[t]he Supreme Court further emphasized that
counsel is strongly presumed to have rendered
adequate assistance and to have made all
significant decisions in the exercise of
reasonable professional judgment. Strategic
choices after a thorough investigation of the
law and facts are virtually unchallengeable,
and a particular decision not to investigate
is to be assessed for reasonableness
considering the circumstances and applying a
'heavy measure of deference to counsel's
judgments.'"

Accordingly, the Defendant has failed to
meet his burden under Strickland; that is, he
has failed to show that his counsel's
performance was deficient or that a deficient
performance prejudiced the defense. Thus his
final claim is also without merit.

Resp. Ex. XVI at 3-6 (emphasis added). On appeal, the appellate

court per curiam affirmed without issuing a written opinion.

Accordingly, these claims were rejected on the merits by the

state trial and appellate courts. Thus, there are qualifying state

court decisions. These claims should be addressed applying the

deferential standard for federal court review of state court

adjudications, as required by AEDPA. Upon a thorough review of the

record and the applicable law, it is clear that Petitioner is not

entitled to relief on the basis of these claims because the state

courts' adjudications of these claims were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

This Court also finds these grounds to be without merit. In evaluating the performance prong of the <u>Strickland</u> ineffectiveness inquiry, there is a strong presumption in favor of competence. The presumption that counsel's performance was reasonable is even stronger since he is an experienced criminal defense attorney.[8] The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." <u>Strickland v. Washington</u>, 466 U.S. 668, 690 (1984). "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" <u>Rompilla v. Beard</u>, 545 U.S. 374, 381 (2005) (citations omitted). Thus,

_____

[8] "When courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger." <u>Chandler v. United States</u>, 218 F.3d 1305, 1316 (11th Cir. 2000) (en banc), <u>cert</u>. <u>denied</u>, 531 U.S. 1204 (2001); <u>see</u> <u>Williams v. Head</u>, 185 F.3d 1223, 1229 (11th Cir. 1999) (noting that "[i]t matters to our analysis" whether the attorney is an experienced criminal defense attorney), <u>cert</u>. <u>denied</u>, 530 U.S. 1246 (2000). Mr. Jeffery Mark Pfister was admitted to the Florida Bar in 1978. <u>See</u> http://www.floridabar.org. At the time of Petitioner's criminal trial in 2002, he had practiced law over twenty-four years. Further, in 1987, he was board certified in criminal law. <u>Id</u>.

Petitioner must establish that no competent attorney would have taken the action that counsel, here, chose. <u>United States v. Freixas</u>, 332 F.3d 1314, 1319-20 (11th Cir. 2003). Counsel's performance was not deficient.

Even assuming <u>arguendo</u> that counsel's performance was deficient, Petitioner has not shown the resulting prejudice. Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given the assistance that Petitioner has alleged he should have provided. These ineffectiveness claims are without merit.

## D. Grounds Four, Six and Eight

Petitioner claims that fundamental error occurred when Petitioner was convicted of counts two, three and five, which are lesser-included offenses of count six, thereby violating federal double jeopardy principles (ground four); that fundamental harmful error occurred when Petitioner was convicted of counts two through six as these offenses were parts of a disjunctive statute, and only one conviction is authorized as they were not separate, thus violating federal due process of law (ground six); and that double jeopardy was violated when Petitioner was convicted both for kidnapping and the underlying offenses (ground eight).

These issues were raised in Petitioner's state petition for writ of habeas corpus (grounds two, three and four). Resp. Ex. XXIV. However, the appellate court denied the petition without

prejudice to Petitioner's filing a sworn petition that complies with Rule 9.141(c) of the Florida Rules of Appellate Procedure. Resp. Ex. XXV. The Respondents state that these issues should have been raised on direct appeal. Thus, Respondents contend, and this Court agrees, that these grounds are procedurally defaulted.

Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar. Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception. Thus, the Court need not address the merits of these claims.

Even assuming these grounds are not procedurally defaulted, they are without merit for the reasons stated by the Rule 3.850 court. <u>See</u> Resp. Ex. XVI at 4-5.

### **E. Ground Twelve**

Petitioner Conley claims that natural life sentences are illegal, thus violating the federal and state Constitutions. Petitioner raised this ground in his Rule 3.800 motion to correct an illegal sentence. Resp. Ex. XII. In denying the Rule 3.800 motion, the court stated that "[a] sentence of life imprisonment is not an illegal or impermissible sentence." Resp. Ex. XIII. The appellate court per curiam affirmed and cited <u>Adaway v. State</u>, 902 So.2d 746 (Fla.) (stating that defendant's sentence of life imprisonment without parole for capital sexual battery on a minor did not violate either the federal or state Constitution), <u>cert</u>.

<u>denied</u>, 546 U.S. 942 (2005), and <u>Pfoutz v. State</u>, 910 So.2d 946 (Fla. 5th DCA 2005). <u>See</u> <u>Conley</u>, 923 So.2d 1218; Resp. Ex. XIV.

Accordingly, this claim was rejected on the merits by the state trial and appellate courts. Thus, there are qualifying state court decisions. This claim should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### F. Ground Thirteen

As ground thirteen, Petitioner claims that the trial judge (Circuit Judge Richard A. Howard) was biased and should have recused himself since his presence during the proceedings denied Petitioner of a fair trial. Specifically, Petitioner contends that Judge Howard's rulings during the trial, his comments at the sentencing hearing, and his denials of Petitioner's post convictions motions are evidence of judicial bias and prejudice towards Petitioner. On direct appeal, Petitioner failed to raise any issues of judicial bias at the trial and sentencing

proceedings. Thus, Respondents contend, and this Court agrees, that this ground is procedurally defaulted.

Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar. Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception. Thus, the Court need not address the merits of this claim.

Even assuming this ground is not procedurally defaulted, it is without merit. After an extensive review of the record, it is clear that Petitioner received a fair trial and sentencing hearing. Additionally, the trial judge correctly denied his post-conviction motions, which were affirmed by the appellate court.

## VIII. Conclusion

Clearly, "[u]nder the doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard, see Yarborough v. Gentry, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam), [Petitioner's] ineffective-assistance claim[s] fail[]." Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009). The remainder of Petitioner's claims are procedurally barred and/or the state court's adjudication of the claim is entitled to deference under AEDPA and/or are without merit. Any claims not specifically addressed are found to be without merit. Accordingly, for the above-stated reasons, the

Petition will be denied, and this case will be dismissed with prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Ocala, Florida, this 13th day of July, 2009.

_____
**UNITED STATES DISTRICT JUDGE**

sc 7/6
c:
Timothy Clifford Conley
Ass't Attorney General (Golden)